# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALIA MARTINEZ,<br><br>    Plaintiff,<br>vs.<br>ALLSTATE INDEMNITY COMPANY<br><br>    Defendant. | CASE NO. 08cv1630 BTM (RBB)<br><br>**ORDER DENYING MOTION TO REMAND TO STATE COURT** |

Defendant Allstate Indemnity Company removed this case from California Superior Court to federal district court on September 5, 2008. Defendant asserted federal jurisdiction based on diversity under 28 U.S.C. § 1332(a). On September 29, 2008, Plaintiff Oralia Martinez filed a Motion to Remand. Plaintiff argues that the parties are not diverse, and therefore Defendant cannot invoke federal jurisdiction. Plaintiff asks the Court to remand the case to state court, or, in the alternative, to allow jurisdictional discovery on the issue. For the reasons discussed below, Plaintiff's motion is **DENIED.**

In this case, diversity jurisdiction requires that Defendant and Plaintiff be citizens of different states. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of California. Defendant is incorporated in Illinois. Plaintiff argues that diversity must fail because Defendant's principal place of business is in California. Defendant claims, however, that its principal place of business is in Illinois. The

Court agrees with Defendant.

Courts use two tests to determine the location of a corporation's principal place of business. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The first test, the "place of operations" test, "locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'" Id. (quoting Industrial Techtronics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). In the Ninth Circuit, courts apply the place of operations test whenever the majority of a corporation's business activity takes place in one state. Id. The second test, the "nerve center" test, should be used only when no state contains a substantial predominance of a corporation's business activity. Id. The nerve center test "locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." Id.

To determine where the substantial predominance of a corporation's business activities are located, courts consider several factors, including the location of employees, tangible property, production activities, sources of income, executive and administrative functions, and where sales take place. Id. at 500–502.

First, Defendant has no employees or tangible property located in California. (Mills Decl. ¶ 2; Blankenhorn Decl. ¶ 3.)[1]

Second, while Defendant draws more income in gross premiums from California than any other state, California premiums constitute only 26.62% of Defendant's total income. (Cirrincione Decl. ¶ 2.) Texas, the next largest source of premiums, constitutes 11.54% of Defendant's total income. (Id.) Thus, 61.84% of Defendant's income comes from other

---

[1] Defendant relies upon figures regarding its parent company, Allstate Insurance Company, in its Response to Plaintiff's Motion to Remand. But, "in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent . . . The only recognized exception to this rule is where the subsidiary is the alter ego of the parent corporation." Danjaq, S.A. v. Pathe Communications Corporation, 979 F.2d 772, 775 (9th Cir. 1992). Defendant does not allege, nor does it appear from the parties' submissions, that Allstate Indemnity Company is the mere alter ego of Allstate Insurance Company. Thus, the Court disregards the figures concerning Allstate Insurance Company and only considers the figures related to Allstate Indemnity Company in deciding Plaintiff's Motion to Remand.

states.[2]  Defendant's sales on a per capita basis are greatest in North Carolina.  As Defendant correctly notes, courts have taken California's relative size into account when evaluating the factors locating the substantial predominance of a corporation's activity.  See Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163, 1167 (N.D. Cal. 2001) ("[b]ecause, by a considerable margin, California is the largest state, measured by population and economic activity, there often will be somewhat more activity in California than in any other individual state for truly national corporations"); Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003) (finding that where the percentage of the defendant corporation's activities in many states was modest, the distorting effect of California's size should be taken into account).  But see Lao v. Wickes Furniture Co., Inc. 455 F. Supp. 2d 1045, 1064 (C.D. Cal. 2006) (rejecting use of per capita figures to determine the substantial predominance of corporation's business activity where it was confined largely to only two states).  The Court finds that because Defendant's business is spread among many states, the marginally greater amount of income drawn from California does not, by itself, indicate that the substantial predominance of its business activity is located here.

Finally, Defendant primarily bases its executive and administrative functions in Illinois.  (Ihm Decl. ¶ 5.)  Defendant makes all its corporate marketing and advertising decisions in Illinois.  (Ihm Decl. ¶ 4.)

Thus, the factors courts consider under the "place of operations" test do not indicate any one state in which the substantial predominance of Defendant's business activity takes place.  The Court therefore uses the "nerve center" test to locate Defendant's principal place of business in Illinois, where the majority of its executive and administrative functions are performed.

///

///

///

---

[2] The next two largest sources of income, North Carolina and New York, account for 6.64% and 6.48%, respectively, of Defendant's total income.  (Cirrincione Decl. ¶ 2.)

1  Because Defendant is incorporated and has its principal place of business in Illinois, diversity between the parties to this action is complete and the Court has jurisdiction. However, Plaintiff, of course, has leave to conduct discovery as to Defendant's principal place of business and may renew its motion to remand.  The Court thereby **DENIES** Plaintiff's Motion to Remand without prejudice.

**IT IS SO ORDERED.**

DATED:  January 16, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge